# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-0085** (Kanawha County 13-F-655)

**Casey Givens, Defendant Below,
Petitioner**

**FILED**

January 12, 2015

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Casey Givens, by counsel Tim Carrico, appeals the Circuit Court of Kanawha County's December 6, 2013, order sentencing him to a term of incarceration of seventy-four years for one count of first degree robbery and a consecutive term of incarceration of two to ten years for one count of malicious assault. The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing petitioner on the first degree robbery conviction.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 23, 2013, the State of West Virginia filed an information against petitioner charging him with one count of first degree robbery and one count of malicious assault. The information was based on allegations that petitioner and his co-defendant robbed and brutally assaulted a seventy-four-year-old woman. In September of 2013, petitioner accepted a plea agreement and entered guilty pleas to one count of first degree robbery and one count of malicious assault.

On December 2, 2013, the circuit court held a sentencing hearing and sentenced petitioner to a term of incarceration of seventy-four years for one count of first degree robbery in violation of West Virginia Code § 61-2-12(a), and a consecutive term of incarceration of two to ten years for one count of malicious assault in violation of West Virginia Code § 61-2-9. It is from this order that petitioner now appeals.

---

[1]Petitioner does not challenge his sentence of incarceration of two to ten years for one count of malicious assault.

Petitioner's sole argument on appeal is that his sentence was based upon an impermissible factor because the circuit court arbitrarily sentenced him to a term of incarceration equal to the victim's age. Upon our review, we find no error in the circuit court's sentencing order. "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

The penalty for first degree robbery pursuant to West Virginia Code § 61-2-12(a)(1) is a term of incarceration of "not less than ten years." Petitioner's seventy-four-year sentence is within the applicable statutory guideline for this crime. Further, the record shows that the circuit court did not rely on any impermissible factors in imposing the sentence. The circuit court considered other factors such as petitioner's criminal history, age, and involvement in the underlying attack. During his sentencing hearing, petitioner acknowledged that he caused the seventy-four-year-old victim significant injuries including, but not limited to fracturing her back, causing facial fractures, puncturing her lungs, and putting a knife to her throat. Petitioner also acknowledged that he left the victim in a vegetative state because she could not swallow or drink without assistance, had to use a feeding tube, and required around-the-clock care.[2] As such, we find no error in petitioner's sentence.

For the foregoing reasons, the circuit court's December 6, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[2]At the sentencing hearing, the victim's son stated that the victim died while receiving treatment in the hospital for the injuries she sustained during the robbery.